IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:  6:25-cv-01564-PGB-RMN

ALLSTATE INSURANCE COMPANY;
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY; ALLSTATE INDEMNITY
COMPANY; and ALLSTATE FIRE AND
CASUALTY INSURANCE
COMPANY,

        Plaintiff,

vs.

ORTIZ HEALTH AND REHAB CENTER,
INC,; ALIGN TO SHINE CHIROPRACTIC
LLC; ORLINE JOSEPH; and RICARDO
BACALLAO, D.C.,

        Defendant.

_____/

## **DEFENDANT, ORLINE JOSEPH'S, MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW, the Defendant, ORLINE JOSEPH, by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b), hereby files her Motion to Dismiss Plaintiff's Complaint, and, in support thereof, states the following:

1. On or about August 15, 2025, Plaintiff, ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE

COMPANY; ALLSTATE INDEMNITY COMPANY; and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (hereinafter "Allstate") initiated this lawsuit against numerous Defendants purporting to set forth claims of (1) violations of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §1962(c) and (d); (2) violations of the Florida RICO Act, Fla. Stat. §772.103-104; (3) violations of the Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§501.201-501-203; (4) common law fraud; (5) civil conspiracy; (6) aiding and abetting; and (7) unjust enrichment (Doc. 1).

2. Allstate's Complaint contains 442 allegations, fourteen (14) counts, 51 demands for relief, including both declaratory and injunctive relief, and 269 pages of exhibits.

3. The Allstate Complaint contains 314 allegations that range from background information, billing for services not rendered, unlicensed and unlawful clinic services to falsified records, fraudulent treatment, harm to patients and mail and wire fraud.

4. These 314 varying allegations are then incorporated by reference into each of the fourteen (14) Counts, making it virtually impossible for Defendant JOSEPH to ascertain exactly what allegations are being used to support the claims against her.

5. In addition, Allstate fails to join indispensable parties to the lawsuit.

6. Allstate's Complaint fails to comply with the basic federal pleading requirements as set forth by Rule 8, 9(b) and 19 of the Federal Rules of Civil Procedure. These basic pleading deficiencies, along with other defects as set forth more fully below, warrant dismissal of Plaintiff's Complaint.

## MEMORANDUM OF LAW

### I. STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff. *Leon County v. Hotels.com*, 2006 U.S. Dist. LEXIS 88253 * 4 (S.D. Fla. 2006). However, the tenet to accept all allegations as true is inapplicable to legal conclusions. *Rondon v. HSBC Bank United States, 2013 U.S. Dist. LEXIS 41673 (M.D. Fla. March 19, 2013); citing Ashcroft v. Iqbal, 566 U.S. 662, 672 (2009)*. In addition, a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, documents incorporated into the complaint by reference, and matter of which a court may take judicial notice. *Rondon v. HSBC Bank United States, 2013 U.S. Dist. LEXIS 41673 (M.D. Fla. March 19, 2013)*; *Fed. R. Civ. P. (10)*.

To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim for relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 929 (2007); *Hansen v. Geovera Specialty Inc.*, Co., 2008 U.S. Dis. LEXIS 28151 (M.D. Fla. 2008).  The complaint "must be anchored in a bed of facts, not allowed to float freely on a sea of bombast.  That is to say, a court assessing a claim's sufficiency has no obligation to take matters on blind faith; despite the highly deferential reading which [a court] accords a litigant's complaint under Rule 12(b)(6)."  *Clarissa Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir. 1991).

In short, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950-1951 (2009).  The "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice".  *Rondon v. HSBC Bank United States, 213 U.S. Dist LEXIS 41673 at \*5.*

Furthermore, Allstate's Complaint is the epitome of a "shotgun pleading".  A shotgun complaint contains several counts; each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts contain irrelevant factual allegations and legal conclusions.  *Slep-Tone*

*Entertainment Corp. v. Neb. 41 Group, LLC, 2012 U.S. Dist. LEXIS 59691 (April 30, 2012) citing Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293 (11th Cir. 2002).* A true shotgun pleading is calculated to confuse the opposing party and the court by weaving claims together such that it is impossible to discern what the plaintiff is claiming and frame a responsive pleading. *Hernandez v. Careersource Palm Beach Cnty., Inc.,* 2025 U.S. App. LEXIS 13212 (11th Cir. 2025).

## ARGUMENT

### A.    ALLSTATE'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 8, FEDERAL RULES OF CIVIL PROCEDURE (All Counts)

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief", and that "each allegation must be simple, concise and direct". *Fed. R. Civ. P.* 8(a)(2) & 8(d)(1). The Supreme Court has made clear that the Federal Rule of Civil Procedure 8 requires "more than bare legal conclusions in order to survive a motion to dismiss." *Aschroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). If a Plaintiff fails to allege sufficient facts to support a claim, that claim must be dismissed. *Id.*

Plaintiffs' Complaint does not meet the minimal pleading requirements of Rule 8, Federal Rules of Civil Procedure. Allstate's Complaint does not contain

simple, concise and direct allegations, but rather, contains almost indiscernible assertions and allegations that make it extremely difficult to decipher what statements and what claims apply to what Defendant and how they apply.  And despite its extraordinary length, the Complaint lacks the specificity required for Defendant JOSEPH to provide meaningful, intelligent responses to the allegations against her.  When a complaint is so poorly drafted that the defendant cannot be expected to frame a fair response, a motion to dismiss is the appropriate remedy.  *Popham v. Cobb Cty, Ga.* 392 Fed. App'x. 677 (11th Cir. 2010).

In addition, Allstate's Complaint does not make clear connections between specific allegations and individual defendants. This is critically important. The wording and organization of the Complaint, which pairs allegations of different corporations to individuals, and imports all 314 general allegations into each count, makes the counts disjointed, redundant and replete with irrelevant references.  This incorporation of 314 various allegations into each count makes it extremely difficult and virtually impossible for Defendant JOSEPH to respond in an organized and coherent manner.  Defendant JOSEPH requests that this Court dismiss Plaintiff's Complaint and require compliance with Rule 8, Florida Rules of Civil Procedure.

Allstate's Complaint is a shotgun pleading which fails to give the defendants adequate notice of the claims against them and the grounds upon which each claims rests.  Courts disfavor shotgun pleadings because they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts". *Dulcio v. EPA*, 2025 U.S. App. LEXIS 18735 (11th Cir. July 28, 2025), citing, *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018).   A complaint is properly classified as a shotgun pleading if it, among other things, is "replete with conclusory, vague, and immaterial facts" or alleges "multiple claims against multiple defendants in each count, without identifying which defendants are responsible for which claims".  *Id.*, citing, *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

The *Dulcio* court found the 229-paragraph complaint, with each count incorporating the first 50 paragraphs of factual allegations a shotgun pleading. *Dulcio v. EPA*, 2025 U.S. App. LEXIS 18735 (11th Cir. July 28, 2025).  The Court found that all but one count is against multiple defendants, but "there is very little effort to clarify each defendant's respective implicated actions".  *Id.*  Like this case, *Dulcio* asserted both Florida and federal RICO claims against multiple defendants but failed to offer discrete factual allegations as to each defendant's actions giving rise to the claim.  *Id.*  In affirming the dismissal of the district

court, the court held that the complaint's construction "is that it is nigh-impossible to adequately identify which specific allegations support which claims against which defendants". *Id.,* citing, *Anderson v. Bd. Of Trs. Of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996)(perfect example of a shotgun pleading is where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief).

In this case, Allstate's Complaint contains 442 allegations, fourteen (14) different counts which incorporate 314 prior allegations into each count, 51 demands for relief, including both declaratory and injunctive relief, and 269 pages of exhibits.  Accordingly, Allstate's Complaint should be dismissed as a shotgun pleading.

**B.    ALLSTATE'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 9(b), FEDERAL RULES OF CIVIL PROCEDURE (All Counts)**

In addition to the pleading deficiencies associated with Rule 8, Allstate's entire complaint is predicated on allegations of fraud against Defendant JOSEPH. However, Allstate's fraud allegations are flawed, and the complaint must be dismissed for failure to meet the heightened pleading requirement set forth in Rule 9(b), Federal Rules of Civil Procedure.  And pursuant to the heightened pleading requirements, "particularity" requires identifying the representation of fact and how the representation was false.  *Sunoptic Techs., LLC v. Integra Luxtec,*

8

*Inc.*, 2009 U.S. Dist. LEXIS 23836 (M.D. Fla. 2009). Throughout the 314 general allegations incorporated into all of Allstate's Counts, Defendant JOSEPH was unable to locate one single allegation of what representation of fact was made by Defendant JOSEPH or how that representation was made.

In order for Allstate to comply with the pleading requirements of Rule 9(b), the rule provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Accordingly, a plaintiff must set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for the statement; (3) the content of such statement and manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Ziemba v. Cascade Int'l., Inc.*, 256 F.3d 1194 (11th Cir. 2001).

In reading and attempting to comprehend the Complaint, it is virtually impossible to tell what facts, if any, support Plaintiffs' allegations against Defendant JOSEPH. Where multiple defendants are named, the complaint "should inform <u>each defendant</u> of the nature of his alleged participation in the fraud." *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007).

In addition, Plaintiff has failed to plead mail or wire fraud with any degree of particularity as to Defendant JOSEPH. The mail-wire fraud chart attached to the Complaint as Exhibit "1-1 through 1-3" does not even list Defendant JOSEPH as an alleged perpetrator of the fraud.  When documents are attached to the complaint, and they contradict the general and conclusory allegations of the pleading, the exhibits govern.  *Alhassid v. Nationstar Mortg., LLC,* 771 Fed. Appx. 965 (11th Cir. 2019; *citing, Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1206 (11th Cir. 2009).   On more than forty (40) occasions, the complaint alleges that "Align billed" Allstate or "Ortiz billed" Allstate.   Coupled with the incorporated exhibits, the purported mail or wire fraud fails to state a claim against Defendant JOSEPH.

Therefore, Allstate has not satisfied the pleading requirements of Rule 9(b).  Allstate has failed to plead their claim against Defendant JOSEPH with particularity and as such has failed to inform Defendant JOSEPH of the nature of her alleged participation in the fraud.  *See Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364, 1370-1371 (11th Cir. 1997) (where the complaint is devoid of specific allegations with respect to separate Defendants, the amended complaint is subject to dismissal for failure to plead fraud with the requisite specificity as to each of the Defendants under Rule 9(b)).  Allstate should be required to abide by the dictates of the rule as it "ensures that the defendant has sufficient

information to formulate a defense by putting it on notice of the conduct complained of…[and] protects defendants from harm to their goodwill and reputation. *Wagner v. First Horizon Pharm. Corp*, 464 F.3d 1273, 1277 (11th Cir. 2006).    Accordingly, Allstate's complaint against Defendant Joseph should be dismissed for failing to comply with Rule 9(b).

## C.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 19, FEDERAL RULES OF CIVIL PROCEDURE (All Counts)

The Allstate Complaint should be dismissed for failure to comply with Rule 19, Federal Rules of Civil Procedure in that Allstate failed to join indispensable parties to the litigation.   Rule 19 requires joinder of a person if:

> (A)   in that person's absence, the court cannot accord complete relief among existing parties; or
> (B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i)   as a practical matter impair or impede the personal's ability to protect the interest; or
> > (ii)   leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*See*; Fed. R. Civ. P. 19(a)(1).  Allstate alleges that Ahitsha Ortiz, D.C. ("Dr. Ortiz") is the namesake of Defendant Ortiz Health and Rehab Center, Inc. and that Dr. Ortiz transferred a clinic to her name through a bill of sale and that Dr. Ortiz believed her name was to be used on the corporate documents because "she is a doctor".  Not only is Dr. Ortiz's joinder required in the suit subject, based on

Allstate's own allegations, but it is mandatory under Rule 19. The Court will never be able to afford complete relief among the existing parties without the presence of Dr. Ortiz.

Furthermore, Allstate claims that medical records were falsified, medical personnel did not adequately perform services, services were unnecessary, doctors ordered unnecessary treatment and that various doctors "witnessed" improper treatment. However, as with Dr. Ortiz, Allstate has failed to join these parties to this litigation. As with Dr. Ortiz, those medical providers who rendered the actual services and completed the purported "false and fraudulent" medical records and ordered the "unnecessary treatment" must be joined as parties to this action. Furthermore, there are no allegations that Defendant JOSEPH is a medical provider, or that she rendered any of the medical treatment provided to the Allstate insureds. Not including the medical personnel who rendered the treatment, provided the services and completed the medical records will not only impair or impede the medical personnels' ability to protect their own interests but it also subjects Defendant JOSEPH to the substantial risk of incurring liabilities and obligations not otherwise associated with, or incurred by, Defendant JOSEPH.

**D.    ALLSTATE'S RICO AND CONSPIRACY COUNTS FAIL TO STATE A CAUSE OF ACTION AS A MATTER OF LAW (Counts I through VIII and Count XI)**

In addition to the pleading deficiencies identified above in sections A through C, Counts I through VIII (RICO) and Count XI (Civil Conspiracy) must be dismissed for failure to state a cause of action.  Under Counts I through VIII of Plaintiff's Complaint, Allstate alleges that Defendant JOSEPH violated 18 U.S.C. §1962(a) and (c) by engaging in a "criminal enterprise" to bill Allstate via mail/fax for "purported chiropractic services that were not actually provided, were not necessary, were unlawful and were fraudulently billed".  *See; Doc. 1, ¶24.*  Allstate alleges that "Ortiz Health" and "Align" "constitutes an enterprise" as defined in 18 U.S.C. §1961(4) and Fla. Stat. §772.103(3) and that the defendants conspired to violate RICO in violation of 18 U.S.C. §1962(d) and Fla. Stat. §772.103(4).  Allstate contends that the defendants engaged in a racketeering activity including mail and wire fraud.  *See; Doc. 1, ¶287-306.*

A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity".  *See; 18 U.S.C. §1961(4).*  Each party of the enterprise must be separate and distinct from the other.  *Cedric Kushner Promotions, Ltd. V. King,* 533 U.S. 158 (2001).  Where all defendants-whether corporate entities or natural person act as part of a unified business operation, there is no distinct RICO enterprise.  *Damian v. Deel, Inc.,* 2025 U.S. Dist. LEXIS 161071 (S.D. Fla. 2025); *citing, Lockheed Martin Corp. v. Boeing, Co.,* 357 F. Supp. 2d

1350 (M.D. Fla. 2005)(allegations that a defendant "associated with either its own employees or its own subsidiaries…fails to satisfy the distinctness requirement). Interpretation of Florida's RICO law is informed by case law interpreting the federal RICO statute on which Chapter 772 is patterned. *Skye Energy Ventures LLC v. Hollander,* 2025 U.S. Dist. LEXIS 123267 (M.D. Fla. June 30, 2025). Because of the similarities between Florida and federal RICO acts, Florida looks to federal authority regarding the interpretation and application of this act. *Skye Energy Ventures LLC v. Hollander,* 2025 U.S. Dist. LEXIS 123267 (M.D. Fla. June 30, 2025).

In support, Allstate claims that Defendant Ortiz was "operated and conducted by defendants Orline Joseph and Ricardo Bacallao, D.C." and that Defendant Align was "operated and conducted by defendants Ortiz Health, Joseph and Bacallao". *See, Doc. 1, ¶10, 14.* Allstate further alleges that Ortiz Health was renamed Align and that Ortiz and Align were controlled by Defendants Joseph and Bacallao. *See; Doc. 1, ¶17, 19, 108.* Allstate has alleged that the "enterprise" consisted of corporations, Ortiz and Align, with Align being the successor to Ortiz, and the corporate owner and operators, Defendants Joseph and Bacallao. These allegations are insufficient to form a RICO enterprise as the individuals and entities lack the requisite distinctiveness. Plaintiff may not plead the existence of a RICO enterprise between a corporate defendant and its

14

agents or employees acting within the scope of their roles for the corporation because a corporation necessarily acts through its agents and employees. *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340 (11th Cir. 2016). Allstate has failed to state a cause of action and as such, Counts I through VIII (RICO) must be dismissed.

In addition, in Counts II, IV, VI, VIII and XI, Allstate claims that Defendants Ortiz Health, Align, Joseph and Bacallao "conspired" and "acted in concert" to accomplish the unlawful purpose of defrauding Allstate by submitting claims for payment to which they were not entitled. However, because Allstate's substantive RICO claim fails, so does its conspiracy claim.

Furthermore, under the intra-corporate conspiracy doctrine, it is impossible "for a single legal entity consisting of the corporation and its agents to conspire with itself". *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031,1036 (11th Cir. 2000). The acts of the corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. *Id.* Based on Allstate's own allegations Ortiz Health was renamed to Align (¶108) and the entities were "operated", "conducted" and "controlled" by Defendants Joseph and Bacallao. Just as it is not possible for an individual person to conspire with himself, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment,

cannot conspire among themselves. *Id.* Accordingly, Allstate's claims for conspiracy, Counts II, IV, VI, VIII and XI, fail as a matter of law.

Moreover, civil conspiracy is a derivative claim that must be based upon an underlying actionable claim. *Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1067 (11th Cir. 2007). A claim that is found not to be actionable cannot serve as the basis for a conspiracy claim. *Id.*

The basis for Allstate's civil conspiracy claim against Defendant JOSEPH is that (1) the defendants did not actually render the treatment for which insurance claims were submitted; (2) the defendants did not provide reasonably necessary medical treatment; (3) the defendants did not lawfully render treatment; and (4) the defendants engaged in fraudulent billing practices. However, Allstate never alleges that Defendant JOSEPH rendered any of the treatment or that Defendant JOSEPH submitted any medical bills to Allstate.

Specifically, Allstate contends that "many of the alleged services billed by Ortiz Health and Align" required "skilled, one-on-one attention from a qualified provider in order to be billed, including therapeutic exercise, neuromuscular reeducation, manual therapy, and therapeutic activities, all of which were among the most commonly billed services". *See; Doc. 1, ¶40.* Further allegations state that the "one-on-one treatments are also timed services that cannot be billed unless the provider spends the requisite amount of time rendering the services"

and that former physicians have confirmed that neither the required supervision nor time required for the services were performed. *See; Doc. 1, ¶41, 43.* Allstate never alleges that Defendant JOSEPH was a "qualified provider" or that she even possessed a medical license nor does Allstate allege that Defendant JOSEPH performed any medical services or completed any medical records. As a matter of fact, Allstate does not allege that Defendant JOSEPH provided any medical treatment whatsoever.

Likewise, Allstate does not allege that Defendant JOSEPH signed any medical records or signed any medical bills. Therefore, Allstate has not properly alleged that Defendant JOSEPH made any representations as to the medical services rendered, much less any misrepresentations or fraudulent representations, that would support Allstate's claim that Defendant JOSEPH billed Allstate for submitted false and fraudulent records, bills and invoices.

Therefore, the underlying claim to support the conspiracy claim has not been properly pled and therefore, Counts II, IV, VI, VIII and XI must be dismissed as a matter of law as to Defendant JOSEPH.

Lastly, as Allstate's RICO and conspiracy counts are predicated on fraud, Counts I through VIII and XI must satisfy Rule 9(b)'s heightened pleading requirements. Furthermore, when conspiracy claims are based on fraud, the Plaintiff must satisfy the heightened pleading standard of Rule 9(b). *Alhassid v.*

17

*Bank of Am., N.A.,* 60 F. Supp. 3d 1302 (S.D. Fla. 2014).  As argued in section B above, Allstate has failed to meet the strict requirements of Rule 9(b).  In addition to the arguments previously raised, Allstate fails to identify the particular conduct of each defendant and instead groups all defendants together in their allegations.  This is improper under Rule 9(b).  *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364 (11th Cir. 1997).   Incorporating the arguments previously raised on pleading deficiencies for Allstate's fraud, RICO and conspiracy counts outlined above, along with the arguments raised herein, Counts I through VII and XI must be dismissed.

**E.    COUNT XII- AIDING AND ABETTING (Against All Defendants)**

In Count XII, Allstate claims that Defendants Ortiz Health, Align, Joseph and Bacallao each knowingly aided and abetted the scheme to defraud Allstate. Essentially, Allstate claims that Defendant JOSEPH aided and abetted the fraudulent scheme in a calculated effort to induce Allstate into paying defendants' fraudulent and unlawful charges.  Again, this Count purports to claim that the "fraudulent" conduct included billing for services that were not actually provided or reasonably necessary, providing unlawful medical treatment, and engaging in fraudulent billing practices.

This claim is likewise predicated on fabricated medical records, unlawful medical treatment and billing for services not rendered.  Again, Allstate's claim

fails in this regard as Allstate fails to allege that Defendant JOSEPH created, signed or billed for any medical services or that Defendant JOSEPH is a licensed health care provider who purportedly provided unnecessary or unlawful medical treatment. As this claim is based on alleged fraudulent conduct, Allstate must comply with Rule 9(b)'s heightened pleading standards. Allstate fails to plead this claim with the requisite specificity and improperly incorporates 314 allegations, many of which have no bearing on the allegations contained in Count XII. In addition to the pleadings deficiencies raised in sections A though C above, Allstate has failed to state a cause of action against Defendant JOSEPH and Count XII should be dismissed.

## F.    COUNT XIII- UNJUST ENRICHMENT-FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANT JOSEPH

Count XIII purports to allege a cause of action for unjust enrichment. To establish a claim for unjust enrichment, Plaintiffs must show: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Ratta v. Ratta*, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2006). Here, Plaintiffs has failed to establish that a benefit was conferred upon Defendant JOSEPH. The allegations in the complaint state that "Ortiz" billed Allstate or that "Align" billed Allstate. Exhibits 1-1 through 1-

3, attached to Plaintiff's Complaint, demonstrate that none of the payments were requested by, or made to, Defendant JOSEPH. Plaintiff has failed to allege that any payment made by Allstate was issued to Defendant JOSEPH. Further, Plaintiffs failed to allege that Defendant JOSPEH somehow profited from the payments listed in Exhibits 1, 2, and 3 to the Complaint. Therefore, based upon the allegations of the Complaint and the Exhibits attached thereto, it is apparent that Plaintiff did not confer a benefit on Defendant JOSEPH and Plaintiffs' claim for unjust enrichment should be dismissed.

## G.   COUNT XIV- DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201 (Against All Defendants)

To obtain declaratory relief under §2201, a plaintiff must allege an actual controversy. The actual controversy requirement is jurisdictional and, thus, a threshold question in an action for declaratory relief must be whether a justiciable controversy exists. *Odyssey Marine Exploration, Inc. v. Unidentified, Shipwrecked Vessel or Vessels,* 512 F. App'x 890, 895 (11th Cir 2013). The question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See; American Ins. Co. v. Evercare Co.,* 430 F. App'x 795, 798 (11th Cir. 2011) (quoting *GTE Directories Pub. Corp. v. Trimen Am., Inc.,* 67 F.3d 1563, 1567 (11th Cir. 1995)); *Malowney v. Fed. Collection Deposit Grp.,* 193 F.3d 1342,

1346-47 (11th Cir. 1999); *Medlmmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L.Ed. 2d 604 (2007).

The court, in the exercise of the discretion that it always has in determining whether to give a declaratory judgment, may properly refuse declaratory relief if the alternative remedy is better or more effective. *Angora Enters., Inc. v. Condo. Ass'n of Lakeside Vill., Inc.*, 796 F.2d 384, 387-88 (11th Cir. 1986). Similarly, judicial economy may serve to dismiss a duplicative declaratory judgment claim where another pending claim involves the same factual dispute, thus rendering litigation of the declaratory judgment issue inefficient and unnecessary. *Nafta Traders, Inc. v. Corkcircle, LLC,* U.S. Dist. LEXIS 24231 (M.D. Fla. May 27, 2020); citing *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010).

As a threshold matter, Allstate again incorporates 314 allegations into its count for declaratory relief. This incorporation is fatal, making the count disjointed and impossible to decipher the actual allegations as to Defendant JOSEPH. As previously argued in sections A through C above, pleading in this manner violates Rules 8, 9(b) and 19 of the Federal Rules, and should summarily be dismissed.

Furthermore, Allstate has failed to allege a case or controversy under Article III as to Defendant JOSEPH. Allstate fails to state a cause of action

against Defendant JOSEPH for declaratory relief. According to Allstate's Complaint and exhibits attached thereto, Defendants Ortiz Health and Align submitted bills to, and received payment from, Allstate. There is no allegation that Defendant JOSEPH ever rendered any medical treatment, completed any medical records or signed any medical bills. Furthermore, there is no allegation that Defendant JOSEPH personally received any payments from Allstate.

Therefore, there is no controversy between Allstate and Defendant JOSEPH to warrant the requested declaration that "Allstate has no obligation to pay pending and previously denied insurance claims", that bills were submitted to Allstate for "unnecessary and unlawful treatment that is not compensable", or that payments cannot be sought from "Allstate for benefits under any policy of insurance, any assignment of benefits, any lien of any nature or any other claim for payment". Since the allegations fail to allege that Defendant JOSEPH submitted any claims to Allstate, rendered any unnecessary and unlawful treatment, or submitted a request for payment under an assignment of benefits, lien or any other demand for payment, a declaration against Defendant JOSEPH individually does not satisfy the case and controversy requirements of Article III and §2201. Accordingly, Allstate's claim for Declaratory Relief should be dismissed.

Furthermore, Allstate's purported "controversy" is asking this Court to resolve factual disputes, the same factual disputes raised in other counts of the complaint.  For example, Allstate asks this court to declare that "defendants billed for unnecessary and unlawful treatment", "defendants were engaged in a scheme whereby they billed for unnecessary and unlawful treatment", defendants "submitted unreasonable charges" and "defendants cannot seek payment from Allstate for benefits".  *See;* Doc. 1, ¶439, 440, 441.

Allstate's claim for declaratory relief seeks the exact same relief as the prior counts.  Therefore, Allstate will be able to secure full, adequate and complete relief through the prior claims.  *Cooseman's Miami, Inc. v. Aspen Speciality Ins. Co.,* No. 22-CV-23264, 2023 WL 315803, at*1-2 (S.D. Fla. Jan. 19, 2023)(dismissing declaratory relief claim where the plaintiff sought a declaration whether the policy provided coverage for property damage because the plaintiff would be able to secure full, adequate, and complete relief through the breach of contract claim).

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

I certify that undersigned counsel for Defendant JOSEPH, Crystal Eiffert, Esquire, conferred with counsel for the Plaintiff, Andrew DeNinno, Esquire, via phone on October 16, 2025, in a good faith effort to resolve the issues raised within this motion and the parties could not agree on resolution of the motion.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the foregoing document was electronically filed with the Clerk of the Courts using the CM/ECF System and that a true and correct copy of the foregoing document is being served via transmission generated by the CM/ECF system to all attorneys of record on this this 20th day of October, 2025.

s/Crystal Eiffert_____
Crystal Eiffert, Esquire
Fla. Bar No.: 0553581
Counsel For Defendant Joseph
Eiffert & Associates, P.A.
711 W. Harvard Street
Orlando, FL 32804
Telephone: (407) 244-1980
Facsimile: (407) 244-1981
service@ealawgroup.com (Primary)
ceiffert@ealawgroup.com(Secondary)
