4709-341

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY; ALLSTATE INDEMNITY
COMPANY; and ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY,

        Plaintiffs,                CASE NO:  6:25-cv-01564

vs.

ORTIZ HEALTH AND REHAB CENTER, INC.; ALIGN TO SHINE
CHIROPRACTIC LLC; ORLINE JOSEPH; AND RICARDO BACALLAO, D.C.,

        Defendants.

_____/

### DEFENDANTS', ALIGN TO SHINE CHIROPRACTIC LLC AND RICARDO BACALLAO, D.C., MOTION TO DISMISS PLAINTIFFS' COMPLAINT & INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendants, ALIGN TO SHINE CHIROPRACTIC LLC

and RICARDO BACALLAO, D.C., hereby move to dismiss Plaintiffs' action

under Rules 8(a)(2), 8(d)(1), 9(b), 12(b)(6), 12(b)(7), and 19, Federal Rules of

Civil Procedure and state as follows:

### PRELIMINARY STATEMENT

Plaintiffs Allstate Insurance Company and its affiliates ("Allstate") filed a

sprawling, ninety-page shotgun pleading accusing four defendants of participating

in an alleged insurance fraud scheme under federal and Florida RICO, FDUTPA,

and common-law theories. Specifically, Allstate asserts fourteen (14) counts in its

Complaint alleging the following: (1) violations of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(c) and (d); (2) violations of the Florida RICO Act, Fla. Stat. § 772.103-104; (3) violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201-501.213; (4) common law fraud; (5) civil conspiracy; (6) aiding and abetting; and (7) unjust enrichment. Allstate's Complaint spans more than 50-pages before Count I even appears, and lumps all defendants together in nearly every allegation. *See, e.g., Compl. ¶¶ 1-314* (alleging wrongdoing by "the defendants" without differentiation). As such, the Counts do not identify which defendant did what, when, or how, and instead allege wrongdoing by "the Defendants" as a collective. This is precisely the type of pleading the Eleventh Circuit has condemned and repeatedly ordered dismissed.

Moreover, the pleading is devoid of specific facts as to Defendants Dr. Bacallao and Align to Shine, relies on improper group pleading, and fails to state any claim with the particularity required by Rule 9(b). Instead of providing factual allegations as required by Rule 9, Allstate speculates, infers, and assumes. That is not pleading – it is accusation by association.

The RICO counts also fail because Allstate has not pled intent, causation, predicate acts, distinct enterprise elements, or a conspiracy. The FDUPTA,

2

conspiracy, aiding-and-abetting, unjust enrichment, and declaratory judgments counts also fail as a matter of law.

Lastly, Allstate has failed to join an indispensable party, Dr. Ahitsha Ortiz, whom Allstate itself alleges was the owner of co-defendant Ortiz Health & Rehab Center, Inc. Allstate repeatedly alleges Dr. Ortiz was an owner and actor, but omits her from this suit. Without Dr. Ortiz, the Court cannot accord complete relief, and her interests would be directly affected by any ruling on ownership, licensure, or billing practices.

Given the draconian penalties associated with the RICO statute, Plaintiffs should be required to strictly comply with their pleading obligations as mandated by the Eleventh Circuit. Because they have fallen far short of those and other obligations, the Court should dismiss this action.

## MEMORANDUM OF LAW

### I.    MOTION TO DISMISS STANDARD

"On a motion to dismiss, [the court] take[s] the factual allegations in the complaint as true, even if they are subject to dispute." *Devengoechea v. Bolivarian Republic of Venez.*, 889 F.3d 1213, 1218 n.6 (11th Cir. 2018). *See also, Smith v. AG*, 2025 U.S. App. LEXIS 16403, at *6 (11th Cir. July 3, 2025) ("When ruling on a motion to dismiss, courts are required to accept factual allegations as true, not legal conclusions."). "[C]onclusory allegations, unwarranted factual

deductions or legal conclusions masquerading as facts will not prevent dismissal." *Hoyos v. Cmty. Behav. Supports, Inc.*, 2025 U.S. Dist. LEXIS 28410, at *3 (M.D. Fla. Feb. 18, 2025) (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)). "A court's review on a motion to dismiss is limited to the four corners of the complaint." *Davis v. Prof'l Parking Mgmt. Corp.*, 2023 U.S. App. LEXIS 17944, at *8 (11th Cir. July 14, 2023) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.    THE COMPLAINT IS A SHOTGUN PLEADING AND MUST BE DISMISSUED PURSUANT TO RULE 8.

"A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; . . . ." Fed. R. Civ. P. 8(a). "A 'short' statement is one that is simple, concise and direct. A 'plain' statement means one that is clear and understandable and free of excessive embellishment." *Meyer v. City of Gainesville*, 2016 U.S. Dist. LEXIS 19665, at *6 (N.D. Fla. Jan. 7, 2016) (citing *Atwood v. Humble Oil & Refining Co.*, 243 F.2d 885, 888 (5th Cir. 1957)).

"Lengthy complaints that incorporate dozens of paragraphs of allegations into each count are neither 'short' nor 'plain.'" *Doscher v. Holding*, 2023 U.S.

App. LEXIS 24683, at *6 (11th Cir. Sept. 18, 2023). *See also, Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (holding that a 28-page complaint with 123 paragraphs that were each incorporated into all 16 counts patently violated Rule 8).

In *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001), the Eleventh Circuit held the complaint was insufficient because each count incorporated by reference the general factual allegations which comprised of 146 numbered paragraphs. The circuit court found this resulted in each count to be "replete with factual allegations that could not possibly be material to the specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Id.*

Here, Allstate filed a 90-page Complaint that alleges 14 various counts from violation of 18 U.S.C. § 1962 to violation of Florida Statute § 772.103(4) to civil conspiracy to declaratory relief. It takes Allstate fifty-eight (58) pages before Count I is even addressed. Allstate's Complaint includes 314 numbered paragraphs addressing the Court's jurisdiction and factual allegations. Just like the Court found in *Jackson*, this number of paragraphs undeniably does not comply with Rule 8's requirement of "a short and plain statement." The purpose of which is to "provide the defendant with 'fair notice of what the plaintiff's claim is and the

grounds upon which it rests.'" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Moreover, the Eleventh Circuit dismissed the complaint in *Magluta* because each count incorporated the 146 general factual allegations whereby making it impossible to distinguish the necessary facts from the irrelevant ones. This Court should find the same. The first paragraph under each count states the following:

> Allstate re-alleges, re-pleads, and incorporates by reference paragraphs 1 through 314 set forth above as if fully set forth herein.

Not all 314 paragraphs Allstate has alleged apply to each and every one of the 14 counts asserted against the Defendants.

As a result of Allstate's failure to properly plead, the Defendants have not been put on proper notice as to what grounds give rise to each count. This also prevents the Defendants from forming and asserting an adequate defense against the same. Not all the allegations set forth in the first 314 paragraphs are relevant to each count and Defendants should not have to decipher which ones are applicable or irrelevant. It is Allstate's responsibility to plead a short and plain statement in order to provide Defendants with fair notice of the claim. *See Cont'l 332 Fund, LLC v. Albertelli*, 317 F. Supp. 3d 1124, 1136 (M.D. Fla. 2018) (Rule 8(a)(2)'s "purpose is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"). Because the Complaint is replete with conclusory, vague, and immaterial facts not obviously associated to any particular cause of action,

dismissal is warranted. *See generally, Gee v. Mitchell*, 2024 U.S. App. LEXIS 22853 (11th Cir. 2024).

## III.    ALLSTATE HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.  *Allstate has failed to state a RICO violation.*

A party may assert by motion a pleader's failure to state a claim upon which relief can be granted before filing a responsive pleading. *See* Fed. R. Civ. P. 12(b)(6). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). *See also, Cordero v. Transamerica Annuity Serv. Corp.*, 452 F. Supp. 3d 1292, 1303 (S.D. Fla. 2020) ("[C]ivil RICO claims must be pled with greater specificity[] and [] satisfy the requirements of Federal Rule of Civil Procedure 9(b).").

The Eleventh Circuit has consistently held that a plaintiff cannot simply "lump together" all of the defendants in the fraud allegations in order to satisfy the heightened pleading requirements of Rule 9(b). *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1381 (11th Cir. 1997); *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 663 (11th Cir. 2015); *Cisneros v. Petland, Inc.*, 972 F.3d 1204,

1217 (11th Cir. 2020); *SFR Servs., LLC v. United Prop. & Cas. Ins. Co.*, 2022 U.S. Dist. LEXIS 186965, at *14 (M.D. Fla. Oct. 12, 2022).

"[I]n a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Ambrosia Coal*, 482 F.3d at 1317 (quoting *Brooks*, 116 F.3d at 1381).

In *Ambrosia Coal*, 482 F.3d at 1311, the plaintiff filed a complaint alleging that defendants induced plaintiff into entering a settlement agreement whereby violating both federal and state RICO acts. The Eleventh Circuit held that the plaintiff failed to plead the civil RICO claims with specificity pursuant to Rule 9(b). *Id.* at 1316-17. In particular, the appellate court reasoned that that the counts asserted in the complaint inaccurately stated that certain defendants defrauded plaintiff when the factual allegations only discussed other specifically-named defendants. *Id.* at 1317 n.12 ("in Count XXV, Ambrosia inaccurately states that Defendant Pages and Isla Verde Beach Hotel & Casino, S.E. defrauded Ambrosia as described in paragraphs 24-31 and 31-41, when in fact these paragraphs only discuss Strollo and Malizia's actions"). Accordingly, the Eleventh Circuit concluded that plaintiff failed to specifically plead the civil RICO claims against each defendant required under the rule thereby affirming the district court's dismissal of the claims. *Id.* at 1317.

Similarly in *Cisneros*, 972 F.3d at 1208, the plaintiff brought a case pursuant to both federal and state RICO claims. The Eleventh Circuit determined that the plaintiff must plead (1) the existence of a RICO "enterprise" and (2) that each defendant had engaged in the misconduct that allegedly constituted the pattern of racketeering activity. *Id.* The appellate court held that plaintiff failed to allege with particularity each defendant's engagement. *Id.* Specifically, the court found that defendant Petland was not mentioned in the predicate acts of fraud nor were the allegations stated with particularity as to when and how Petland committed mail or wire fraud. *Id.* at 1217. Relying on *Ambrosia Coal*, the court affirmed the dismissal and stated, "[u]nder Rule 9(b), we will not scour the allegations of a complaint to link unnamed defendants to particular acts of fraud without some reasoned and plausible way to do so." *Id.*

This case is a composite of both *Ambrosia Coal* and *Cisneros*. Here, Allstate includes Defendant Ricardo Bacallao, D.C. in all counts asserted within the Complaint. However, of the 314 factual allegations preceding the counts, Defendant Bacallao is only mentioned in thirteen (13) paragraphs. Of these thirteen paragraphs, Allstate fails to allege that Defendant Bacallao engaged in a pattern of racketeering activity or any type of mail or wire fraud. The Eleventh Circuit has

consistently held that the heightened pleading requirements of Rule 9(b) apply to RICO and FDUTPA[1] claims because such allegations assert fraud.

In *Ambrosia Coal*, the complaint failed because the RICO violations were not specifically plead against each defendant. 482 F.3d at 1317. Here, none of the counts that Allstate asserts in the Complaint plausibly demonstrate that Defendant Bacallao defrauded Allstate because the factual allegations set out in paragraphs 1 through 314 do not support any wrongdoing by the Defendant. Allstate is pleading fraud which invokes the heightened pleading requirements of Rule 9. Thus, Allstate fails to specifically plead as to Defendant Bacallao which violates Rule 9 and deems Allstate's Complaint insufficient.

Moreover, the Eleventh Circuit has maintained that Allstate cannot simply lump together multiple defendants in order to bypass the heightened pleading requirements. Allstate is still required to plead with specificity as to each Defendant's engagement in the alleged fraud. It is not the responsibility of the Defendants nor of this Court to scour the allegations to determine which specific paragraphs are linked to each named Defendant's alleged misconduct. Allstate cannot merely lump together multiple defendants in an attempt to mislead the Defendants and have this Court believe that each Defendant is liable for fraudulent

---

[1] *See Pop v. LuliFama.com LLC*, 2025 U.S. App. LEXIS 19386, at *15 (11th Cir. Aug. 1, 2025) ("we hold today that FDUTPA claims that sound in fraud must comply with Rule 9(b)").

activity. The plaintiffs in *Cisneros* attempted this tactic and the Eleventh Circuit Court found the complaint to be insufficient.

Furthermore, just like in *Cisneros*, Allstate has not alleged any predicate act of fraud by Defendant Bacallao. Simply because Defendant Bacallao is the alleged owner of Align to Shine Chiropractic LLC does not conclude Defendant Bacallo engaged in a pattern of racketeering activity. In fact, Allstate's allegations contradict that Defendant Bacallao was even involved in any alleged fraud.

> 108. Joseph renamed Ortiz Health to Align and replaced Ortiz with Defendant Bacallao as the purported owner of the re-branded Align clinic.
> 109. Like Ortiz, Bacallao also did not actually supervise Align's business activities, nor did he ensure Align's compliance with the law.
> 110. If Bacallao had legitimately and actually supervised Align, he would have stopped the wrongful conduct and bad practices of Align, as detailed through this Complaint and which include rampant billing for services not rendered, falsifying records, unnecessary and excessive treatment, and fraudulent billing practices.

These factual allegations in Allstate's Complaint fail to show that Defendant Bacallao engaged in a pattern of racketeering activity.

These factual paragraphs are also inconsistent with prior facts asserted by Allstate[2] that allege Defendant Bacallao operated and controlled Ortiz Health & Rehab Center, Inc. However, the enumerated paragraphs above indicate Defendant Bacallao did not operate or control the business activities of Ortiz. Accordingly, since these allegations are inconsistent with each other, they cannot be used to

---

[2] *See* paragraphs 9 through 19 of Allstate's Complaint.

support Allstate's claims for relief. *See Smedley v. Fulton Cnty. Sch. Dist.*, 2011 U.S. Dist. LEXIS 164168, at *7 (N.D. Ga. June 23, 2011) ("Contradictory or inconsistent factual allegations in a complaint cannot support a claim for relief.") Accordingly, Allstate cannot state a claim upon which relief can be granted against Defendant Bacallao.

Therefore, since there is no allegation, whatsoever, that Defendant Bacallao personally and individually engaged in racketeering activity, nor any allegation that Defendant Bacallao, through Defendant Align to Shine, engaged in mail or wire fraud, then Allstate has failed to state a claim upon which relief can be granted in which Allstate's Complaint should be dismissed.

### B. Allstate has failed to allege an intent to defraud.

Paragraphs 108 through 110 in Allstate's Complaint fail to plausibly show Defendant Bacallao had the requisite intent necessary for Allstate to maintain this action against the Defendant; nor do any other allegations demonstrate such intent.

"To plead the necessary scienter for a racketeering claim premised on mail and wire fraud, a plaintiff must allege that defendants 'knowingly devised or participated in a scheme to defraud plaintiffs' and that they 'did so willingly with an intent to defraud.'" *Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1102 (S.D. Fla. 2019) (quoting *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1312 (11th Cir. 2000)). "Where mail fraud is asserted as a predicate act for a civil

RICO claim, a plaintiff must establish not only the statutory elements of mail fraud, but also the defendant 'had a conscious, knowing intent to defraud and that a reasonably prudent person would have been deceived by [the defendant's] misrepresentations.'" *Allstate Ins. Co. v. Red Diamond Med. Grp., LLC*, 2024 U.S. Dist. LEXIS 150439, at *10 (S.D. Fla. Aug. 21, 2024) (quoting *Bryan v. Countrywide Home Loans*, 2008 U.S. Dist. LEXIS 86945, at *3 (M.D. Fla. Oct. 27, 2008)).

Here, Allstate was required to plead with specificity that Defendant Bacallao intended to defraud the Plaintiffs. However, paragraphs 108 through 110 fail to set forth that Defendant Bacallao even had the knowledge of such alleged wrongful conduct, much less an intention to defraud. Instead, it appears Allstate is relying on Defendant Bacallao's purported negligence as a basis for the RICO violation. However, negligence cannot prove mail fraud. *See in re Cascade Int'l Sec. Litig.*, 840 F. Supp. 1558, 1582 (S.D. Fla. 1993) ("The requisite mental state for RICO actions is that found in the predicate offense. A specific 'mental state of knowledge of the wrongdoing or specific intent is an essential element' of the predicate acts of securities fraud and mail and wire fraud.") (internal citations omitted).

Accordingly, since this Court must take all factual allegations as true, Allstate has failed to plead that Defendant Bacallao had the requisite intent to defraud Allstate by mail and wire fraud, an essential element of the predicate

offense for a RICO violation. Therefore, this Court should dismiss Allstate's Complaint.

### C. Allstate has failed to allege a conspiracy between the Defendants.

"To establish a RICO conspiracy violation under 18 U.S.C. § 1962(d), the [plaintiff] must prove that the defendants objectively manifested, through words or actions, *an agreement* to participate in conduct of the affairs of the enterprise through the commission of two or more predicate crimes." *Cont'l 332 Fund, LLC v. Albertelli*, 2021 U.S. App. LEXIS 22346, at \*14-\*15 (11th Cir. July 28, 2021) (quoting *United States v. Green*, 981 F.3d 945, 952 (11th Cir. 2020)). *See also, Hartman v. Doe*, 2025 U.S. App. LEXIS 2477, at \*18 (11th Cir. Feb. 4, 2025) ("To prove a RICO conspiracy, the plaintiff must show 'an agreement to violate a substantive RICO provision' . . . .).

"The existence of such an 'agreement' can be established by showing either (1) 'an agreement on an overall objective' or (2) 'that the defendant agreed personally to commit two or more predicate acts.'" *Hartman*, 2025 U.S. App. LEXIS 2477, at \*18 (quoting *United v. Castro*, 89 F.3d 1443, 1451 (11th Cir. 1996)). "[I]f there are no additional allegations supporting a RICO conspiracy claim, and the substantive RICO claims' allegations are insufficient, the conspiracy claim must fail." *Babieca Cap., LP v. Cohen Anytime, Inc.*, 2025 U.S. Dist. LEXIS

98585, at *29 (S.D. Fla. May 23, 2025) (citing *Rogers v. Nacchio*, 241 F. App'x 602, 609 (11th Cir. 2007)).

In this case, Allstate alleges that Defendant Bacallao was a co-conspirator to the alleged RICO violation regarding mail fraud. However, aside from the conclusory allegations within each count, there are no supporting factual allegations that the Defendants agreed to commit such illegal activity. Nor can Allstate have this Court infer from the conduct alleged that a conspiracy agreement existed between the Defendants. In fact, Allstate cites to specific instances of the alleged fraud but separates the occurrences between the two clinics whereby demonstrating that there was no agreement among the Defendants to commit fraud. In fact, paragraph 108 indicates that Dr. Bacallao was not even an owner or supervisor of Ortiz Health during the billing attached as Exhibit 1 to Plaintiffs' Complaint. Allstate must allege an agreement existed between the Defendants to commit mail fraud in order to have a claim under § 1962(d).

Accordingly, on its face, Allstate's Complaint insufficiently pleads a RICO violation which follows that there can be no RICO conspiracy. Therefore, Allstate's Complaint fails to state a claim upon which relief can be granted which entitles the Defendants to dismissal of Allstate's Complaint.

## IV.   THE CIVIL CONSPIRACY AND AIDING-AND-ABETTING CLAIMS FAIL.

Plaintiffs' civil conspiracy claims should be dismissed as they are wholly conclusory, improperly pled, and legally deficient as a matter of law. To state a claim for civil conspiracy, a plaintiff must plausibly allege: "(1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in pursuance of the conspiracy, and (4) damages to the plaintiff as a result of acts done under the conspiracy." *W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, 2009 U.S. Dist. LEXIS 81764, at *6 (S.D. Fla. Sept. 4, 2009) (citing *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159-60 (Fla. Dist. Ct. App. 2008)). Civil claims for conspiracy must also comply with Rule 9(b) and must be plead with particularity. *Tippens v. Round Island Plantation, L.L.C.*, 2009 U.S. Dist. LEXIS 66224, at *16 (S.D. Fla. July 31, 2009).

Plaintiffs do not come close to meeting these standards. The Complaint does not allege an actual agreement between these Defendants. Instead, Plaintiffs resort to group accusations that simply lump the Defendants together – which is impermissible under *Cisneros*. A conspiracy requires a "meeting of the minds," yet Plaintiffs plead no facts showing when an agreement occurred, who agreed, how they communicated or what was said. That alone requires dismissal. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010) (finding that where no particular acts of downcoding or bundling, and no allegations as to how

16

Defendants agreed to engage in an illegal scheme to defraud dental providers, a claim for conspiracy could not stand). As such, this Court should dismiss Allstate's Complaint for failing to state a claim upon which relief can be granted.

## V.  UNJUST ENRICHMENT IS BARRED BECAUSE PLAINTIFFS HAVE AN ADEQUATE REMEDY AT LAW.

Under Florida law, unjust enrichment is an equitable remedy that exists where there is no adequate legal remedy. *Am. Honda Motor Co. v. Motorcycle Ins. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005). Here, Plaintiffs are already pursing numerous legal theories – including RICO, FDUTPA, fraud, conspiracy – based upon the same alleged conduct. Accordingly, because there is an adequate remedy at law, Plaintiffs claim for unjust enrichment is barred. *Id.*

## VI.  BECAUSE THE DECLARATORY JUDGMENT COUNT IS UNRIPE, DUPLICATIVE, NON-JUSTICIABLE AND IMPROPER, IT MUST BE DISMISSED.

Florida law is clear that the purpose of a declaratory judgment is to afford parties relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations. *Santa Rosa Cnty. v. Admin. Comm'n*, 661 So. 2d 1190, 1192 (Fla. 1995) (citing *Martinez v. Scanlan*, 582 So. 2d 1167, 1170 (Fla. 1191)).  In order to maintain a suit for declaratory relief, a party must show that:

1. a bona fide, actual, present practical need for the declaration;
2. the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts;
3. some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law to the facts;

4. there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; and

5. that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

*May v. Holley*, 59 So. 2d 636, 639 (Fla. 1952).

These elements are ***necessary*** in order to maintain the status of the proceeding as being judicial in nature and, therefore, within the constitutional powers of the courts. *Santa Rosa*, 661 So. 2d at 1193. Plaintiffs have failed to allege sufficient facts which would entitle it to declaratory relief in the current action. Accordingly, dismissal is warranted.

## VII.  ALLSTATE HAS FAILED TO INCLUDE AN INDISPENSABLE PARTY.

A party may assert failure to join a party under Rule 19 by motion. Fed. R. Civ. P. 12(b)(7). "The Eleventh Circuit employs a two-step approach when analyzing a motion to dismiss for failing to join a required party pursuant to Rule 19." *Launch on Demand LLC v. United States*, 2024 U.S. Dist. LEXIS 177855, at *8 (M.D. Fla. Sept. 30, 2024) (quoting *Helix Inv. Mgmt., LP v. Privilege Direct Corp.*, 364 F. Supp. 3d 1343, 1350 (M.D. Fla. 2019)).

Pursuant to Federal Rule of Civil Procedure 19:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A)    in that person's absence, the court cannot accord complete relief among existing parties; or
> (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "To grant a dismissal for failure to join an indispensable party, a court must determine 'either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings.'" *Gov't Emps. Ins. Co. v. Clear Vision Windshield Repair, L.L.C.*, 2017 U.S. Dist. LEXIS 47353, at *14 (M.D. Fla. Mar. 29, 2017) (quoting *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999)).

In *Laker Airways*, 182 F.3d at 845, plaintiff sued defendant under federal and Florida antitrust laws alleging defendant "conspired to restrain and monopolize schedule passenger air service between Miami, Florida, and London, England." Plaintiff named certain individuals as co-conspirators but neglected to join them initially. *Id.* As such, defendant moved to dismiss plaintiff's complaint for failure to join an indispensable party under Rule 19 in which the district court granted. *Id.* In analyzing Rule 19's two-part test, the Eleventh Circuit held that the co-conspirator was a necessary party and should be joined. *Id.* at 848. The circuit court reasoned that "a joint tortfeasor will be considered a necessary party when

the absent party 'emerges as an active participant' in the allegations made in the complaint that are 'critical to the disposition of the important issues in the litigation.'" *Id.* The court determined the co-conspirator was an indispensable party because it had "a significant interest in the resolution of the allegations" since the co-conspirator actively participated in the allegations set forth in plaintiff's complaint. *Id.*

In this case, Allstate alleges that Defendant Ortiz Health and Rehab Center, Inc. was operated and conducted by Defendants Online Joseph and Ricardo Bacallo, D.C. However, later on in the Complaint, Allstate identifies Ahitsha Ortiz, D.C. was involved in the operation and management of Ortiz Health and Rehab Center, Inc., not Defendant Ricardo Bacallao, D.C. In fact, Allstate makes the following allegations with regard to Defendant Bacallao's involvement with Ortiz Health and Rehab Center, Inc.:

> 105. One employee hired by [Defendant Online] Joseph during [Ahitsha] Ortiz's time at the defendant clinics was ***defendant Bacallao, who was brought on as a staff chiropractor at Ortiz Health.***
> 108. [Defendant Online] Joseph renamed Ortiz Health to Align and replaced [Ahitsha] Ortiz with defendant Bacallao as the purported owner of the re-branded Align clinic.
> 109. Like [Ahitsha] Ortiz, [Defendant] Bacallao also did not actually supervise Align's business activities, nor did he ensure Align's compliance with the law.

(Emphasis added).

20

Taking these facts as true, which the Court is required to do, Dr. Ahitsha Ortiz is a necessary party under Rule 19 because Dr. Ortiz was acting in the same professional capacity as Defendant Bacallao is now. In other words, at the time of the alleged racketeering activity and conspiracy to defraud Allstate, Dr. Ortiz was involved in the operation of Ortiz Health and Rehab Center, Inc. whereby making her an active participant/co-conspirator as Allstate has alleged.

Furthermore, if Allstate is going to assert that Defendant Bacallao is a co-conspirator merely by being in charge of certain operations of Align to Shine Chiropractic LLC, then the same should be found of Dr. Ahitsha Ortiz. Per Allstate's allegations, Dr. Ortiz was the owner of Defendant Ortiz Health and Rehab Center, Inc. – integral to the ownership and business activities of Ortiz Health.

Specifically, Allstate contends that "[l]ike Ortiz, Bacallao also did not actually supervise Align's business activities, nor did he ensure Align's compliance with the law." However, Allstate finds that Defendant Bacallao is a necessary party based on his alleged involvement, but Allstate fails to hold Dr. Ortiz to the same liability despite asserting that the organizational format alleged between the two clinics and the ownership and involvement of Defendant Bacallao and Dr. Ortiz being the same.

As such, Dr. Ortiz should be deemed an indispensable party as a co-conspirator to Allstate's alleged racketeering activity. Accordingly, Allstate's Complaint should be dismissed for failing to join Dr. Ahitsha Ortiz as an indispensable party under Rule 19.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs' Complaint is an impermissible shotgun pleading, fails to state any claim upon which relief may be granted, fails to plead fraud or racketeering with the particularity mandated by Rule 9(b), relies on improper group pleading, seeks declaratory relief that is unripe and duplicative, asserts causes of action not legally available under the facts alleged, and omits an indispensable party whose interests would necessarily be affected by any judgment of this Court. This Court should not permit Plaintiffs to weaponize a sprawling, 314-paragraph narrative as a substitute for the clear, defendant-specific factual allegations required by the Federal Rules of Civil Procedure.

Accordingly, Defendants Align to Shine Chiropractic, LLC and Ricardo Bacallao, D.C., respectfully request that this Court dismiss the Complaint in its entirety pursuant to Rules 8, 9(b), 12(b)(6), and 12(b)(7), Federal Rules of Civil Procedure.

4709-341

## LOCAL RULE 3.01(g) CERTIFICATE

The undersigned hereby certifies that She conferred with Attorney Andrew DeNinno of King, Tilden, McEttrick & Brink, P.C., counsel for Plaintiffs, by telephone on Wednesday, October 16, 2025, in a good faith effort to resolve the issues raised in this motion. Counsel for Plaintiffs has advised the undersigned that he objects to the relief sought in this motion.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on October 27, 2025 a true and correct copy of the foregoing has been filed with the Clerk of the Court and furnished to all counsel of record by utilizing the CM/ECF System, which will provide electronic notification to all attorneys of record.

*/s/ Coretta Anthony-Smith*_____
Coretta Anthony-Smith, Esquire
Fla. Bar No.: 0175684
Anthony-Smith Law, P.A.
1711 Amazing Way
Suite 205
Ocoee, FL 34761
Telephone: (407) 299-8589
Facsimile: (407) 299-8549
canthony@anthony-smithlaw.com
kclarence@anthony-smithlaw.com
services@anthony-smithlaw.com